UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Marco Morales, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 22-cv-512 |
| - vs. – | **COMPLAINT** |
| The Bund Inc., David Kong, and Jim Nguyen, | |
| Defendants. | |

Plaintiff Marco Morales, by and through his undersigned attorneys, for his complaint against defendants The Bund Inc., David Kong, and Jim Nguyen, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1. Plaintiff Marco Morales alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants The Bund Inc., David Kong, and Jim Nguyen**,** who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime

premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Morales further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Marco Morales is an adult individual residing in Queens, New York.

4. Mr. Morales consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, defendant The Bund Inc. is a New York corporation with a principal place of business at 100-30 Queens Blvd., Forest Hills, New York.

6. At relevant times, defendant The Bund Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7. Upon information and belief, at all relevant times, The Bund has had gross revenues in excess of $500,000.00.

8.  Upon information and belief, at all relevant times herein, The Bund has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.  Upon information and belief, defendant David Kong is an owner or part owner and principal of The Bund, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

10. Defendant David Kong was involved in the day-to-day operations of The Bund and played an active role in managing the business.

11. Upon information and belief, defendant Jim Nguyen is an owner or part owner and principal of The Bund, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Jim Nguyen was involved in the day-to-day operations of The Bund and played an active role in managing the business.

13. For example, defendant David Kong hired plaintiff and set his pay and schedule, while defendant Jim Nguyen supervised plaintiff on a daily basis.

14. Defendants constituted "employers" of Mr. Morales as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Morales's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Morales's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 207, Mr. Morales seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 23, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to Mr. Morales in that they were employed by defendants as non-exempt restaurant employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

19. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

20. Mr. Morales and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

22. At all relevant times herein, defendants owned and operated a Chinese restaurant in Queens that operated under the name The Bund.

23. Mr. Morales was employed at The Bund from approximately November 2020 through May 2021.

24. Mr. Morales was employed as a chef's assistant.

25. Mr. Morales's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

26. At all relevant times herein, Mr. Morales was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27. Mr. Morales worked regular schedules of six days per week throughout his employment, every day except Thursday.

28. He worked 9½-hour days on weekdays and 10½-hour days on Saturdays and Sundays, for a total of roughly 59 hours per week.

29. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

30. Mr. Morales was paid a weekly salary throughout his employment. For most of his employment, he was paid $700 per week; he received a raise to $740 per week two weeks before his employment ended.

31. He was paid at these rates regardless of the exact number of hours he worked in a given week.

32. Defendants failed to pay Mr. Morales any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

33. Defendants' failure to pay Mr. Morales the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

34. Defendants concealed their failure to properly pay Mr. Morales by paying him in cash and creating a false paper trail.

35. Specifically, defendants would give him a piece of paper that said that he worked 46 hours per week; he would have to sign it if he wanted to get his pay, but defendants did not let him retain a copy of the paper.

36. Mr. Morales worked six shifts per week that resulted in his working in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

37. Defendants failed to provide Mr. Morales with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time during his employment, in violation of the Wage Theft Prevention Act.

38. Defendants failed to provide Mr. Morales with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act. Although defendants apparently created such weekly records, those records were incomplete and inaccurate, and defendants did not supply copies of them to Mr. Morales.

39. Upon information and belief, throughout the period of Mr. Morales's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Morales (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

40. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

41. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

42. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

43. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

44. Defendants' policy of paying Mr. Morales and these other individuals on a weekly basis rather than on an hourly basis violated 12 N.Y.C.R.R. § 146-2.5.

45. Upon information and belief, while defendants employed Mr. Morales and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act - Overtime)

46. Mr. Morales, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Mr. Morales and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of defendants' willful failure to compensate their employees, including Mr. Morales and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to defendants' FLSA violations, Mr. Morales and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

52. Mr. Morales repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Mr. Morales was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Mr. Morales's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to defendants' New York Labor Law violations, Mr. Morales is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

57. Mr. Morales repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Mr. Morales was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Mr. Morales's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

60. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to defendants' New York Labor Law violations, Mr. Morales is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

62. Mr. Morales repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Morales was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Mr. Morales's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time during his employment.

65. Defendants willfully violated Mr. Morales's rights by failing to provide him with compliant weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

66. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Morales is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

67. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Morales is entitled to recover from the defendants statutory damages of $50 per day throughout his employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Morales respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

    Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Morales and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: January 23, 2022

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of The Bund Inc. and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de The Bund Inc. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Marco Morales

Date: ___5/28/2021___